IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cr-326-ECM |
| | ) | [WO] |
| RICHARD LEE GRAHAM | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Richard Lee Graham's *pro se* motion for early termination of supervised release. (Doc. 98). Upon consideration of the motion, and for the following reasons, the motion is due to be denied.

**BACKGROUND**

This case arises out of the Defendant's failure to pay approximately $3.6 million in taxes, interest, and penalties for tax years 2006 through 2009. On September 11, 2018, a jury convicted the Defendant of one count of presenting a fictitious instrument, in violation of 18 U.S.C. § 514(a)(2) (Count 1), and one count of attempting to interfere with the administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a) (Count 2). On December 6, 2018, the Court imposed a sentence of 48 months' imprisonment on Count 1 and 36 months' imprisonment on Count 2, to run concurrently, followed by 5 years of supervised release on Count 1 and 1 year of supervised release on Count 2, to run concurrently. (Doc. 73). The Defendant's custodial sentence required a downward variance from the advisory guideline range of 57 to 71 months. The Defendant was also ordered to pay a $10,000.00 fine, which was at the bottom of the advisory guideline range. (*Id.* at 6). He appealed his convictions to the Eleventh Circuit, and the Eleventh Circuit

affirmed. *See United States v. Graham*, 981 F.3d 1254 (11th Cir. 2020). The Defendant began serving his terms of supervised release on January 14, 2022. (Doc. 100 at 2). To date, he has served approximately 35 months of his 60-month term on Count 1, which is approximately 58% of the term.

In support of his request for early termination, the Defendant asserts that he has been rehabilitated, as evidenced by, for example, his earning the lowest security status possible while incarcerated. The Defendant also highlights that he has been compliant with the terms of his supervised release, he is gainfully employed, he has strong family ties, and he has been drug free and never failed any drug tests. He further asserts that because he is on supervision, he must submit travel requests to travel for work, which "makes it difficult to increase [his] earning capacity." (Doc. 98 at 4). He seeks early termination of his supervised release to be able to "travel freely to see friends and family and continue to increase [his] earning capacity." (*Id.*).

The Defendant's Probation Officer reported that the Defendant has complied with the terms of supervised release, including the financial terms of his judgment. (Doc. 100 at 2). The Probation Officer also reported that the Defendant has filed tax returns and paid any tax due since his convictions. (*Id.*). The United States does not oppose the Defendant's motion. (*Id.*).

## DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof, if the Court determines that early termination

is warranted by the Defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017). In making this determination, the Court must consider certain sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. §§ 3553(a) and 3583(e)(1); *Johnson*, 877 F.3d at 996 n.7. The Court now turns to the sentencing factors to determine whether early termination is warranted based on the Defendant's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1).

While the Court appreciates the fact that the Defendant has complied with the conditions imposed on him by this Court, the Court finds that the Defendant's compliance is the minimum expectation and is not an adequate, independent basis for early termination of supervised release. Further, while the Court appreciates that the Defendant is gainfully employed and has strong family ties, the Court finds that, on this record, his circumstances do not justify early termination of supervised release. Considering the nature and circumstances of his offenses, coupled with the need to protect the public and the need for deterrence, the interests of justice counsel in favor of the Defendant remaining under supervision. The Defendant unlawfully deprived the Federal Government of $3.6 million. Not only that, he attempted to satisfy his tax obligations with a fraudulent check. While the Court recognizes that the Defendant appears to have made payments towards his

financial judgment and has conducted himself lawfully since 2021, the Court also observes that he has done so while under supervision. In sum, the Defendant fails to satisfy his burden to show that the interest of justice warrants early termination of his supervision. Continued supervision is necessary to deter the Defendant and others from illegal activity and to protect the public.

For these reasons, the Court concludes that the Defendant's motion for early termination is due to be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 98) is DENIED.

Done this the 11th day of December, 2024.

                    /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE